UNITED STATES of America

v.

**Francis Thomas YOUNG, Donald Gene Covey, Donald Egbert Fowler, Charles Alton Buie.**

Crim. No. CR86–363.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 3, 1986.

Graig Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Scott Kalisch, Miami, Fla., for Francis Thomas Young.

Jake Waldrop, Federal Defender Program, Atlanta, Ga., for Donald Gene Covey.

Frank J. Petrella, Atlanta, Ga., for Donald Egbert Fowler.

Bruce Maloy, Atlanta, Ga., for Charles Alton Buie.

## MEMORANDUM OPINION

ORINDA D. EVANS, District Judge.

This criminal case involving an alleged scheme to distribute four kilograms of cocaine came before the court on motion of the Government for de novo review of the Magistrate's order setting bond for Defendants Young, Covey and Fowler at the conclusion of an evidentiary hearing on September 25, 1986. The government contends that the subject Defendants should be held without bond pending trial pursuant to 18 U.S.C. § 3142(f) because they are a danger to the community. In an order entered September 30, 1986, the court granted the Government's motion. The purpose of this opinion is to explain the court's ruling.

Because portions of the tape recorded proceedings held before the Magistrate were inaudible and could not be transcribed, the court held a further evidentiary hearing in this matter on September 30, 1986, in order to give the parties an opportunity to supplement the record. After hearing some additional evidence and argument of counsel, the court finds and concludes that Defendants Young, Covey and Fowler should be detained without bond pending trial, for the reasons hereinafter explained.

When the Government seeks to detain a defendant pending trial on grounds that he is a danger to the community, it must persuade the court by clear and convincing evidence that no conditions of pretrial release will reasonably assure the safety of the community; *i.e.*, that the safety of the community can only be reasonably assured by pretrial detention. 18 U.S.C. §§ 3142(f) and (g); *United States v. Hurtado*, 779 F.2d 1467, 1470, n. 4 (11th Cir.1985). Where the defendant has been indicted on a serious drug charge under the Controlled Substances Act, *i.e.*, a charge carrying a maximum sentence of ten years or more, a rebuttable presumption aids the Government in carrying its burden of persuasion. *Hurtado*, at 1470, n. 4; 18 U.S.C. § 3142(e). Specifically, § 3142(e) provides in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)....

Because the Defendants each have been indicted for alleged violations of 21 U.S.C. §§ 841 and 846, which carry potential sentences in excess of ten years, the presumption arises that if they are not detained pending trial, they will be a danger to the community.

Section 3142(g) provides that in determining whether the Government has carried its burden, the court must consider the evidence as it pertains to certain factors, namely

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and the characteristics of the person, including—

(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release....

The offenses charged in this case are possessing four kilograms of cocaine with the intent to distribute it, and conspiracy to possess such cocaine with the intent to distribute it. Therefore, the offenses charged are serious narcotic offenses. The amount of cocaine involved is such that an inference of intent to distribute is warranted.

The Government's evidence against the Defendants was outlined by Gerald Metcalf, DEA agent, in testimony given before the Magistrate. Agent Metcalf testified that the bulk of the Government's evidence at trial will be provided by DEA or FBI agents who either dealt with the Defendants in an undercover capacity or surveilled their activities. The primary witness is DEA agent Don Augustine, who is also the case agent. Agent Augustine will testify at trial that he negotiated with Defendants Covey and Fowler for the purchase of four kilograms of cocaine. Government witnesses will testify that on September 19, 1986, Defendants Young and Covey were observed arriving at the Atlanta airport from Miami; that they then proceeded to Defendant Fowler's office in Atlanta where the three of them met with Agent Augustine and discussed the buy. Agent Augustine will testify that at this time Defendant Young asked to see the money. At Augustine's invitation, Mr. Young went outside and counted the money, which was located in a vehicle driven by an undercover agent. He then drove a short distance and met a vehicle with a Florida license tag driven by Defendant Buie. Defendant Buie handed Defendant Young the cocaine and Defendant Young returned to the group at Defendant Fowler's office. At this time all Defendants were arrested.

Defendant Buie has negotiated a plea with the Government. According to Agent Metcalf, Buie will testify that he was bringing the cocaine to Atlanta at the behest of Defendant Young.

Agent Metcalf further indicated that Agent Augustine, acting in an undercover capacity, has had dealings with Defendants Fowler and Covey with respect to an additional three kilogram shipment of cocaine,[1] and with Defendant Covey with respect to yet another one kilogram shipment. Also, Government agents observed Defendant Fowler on one occasion leaving the Atlanta airport en route to Columbia, South America.

The court finds that the Government's evidence, as revealed to it at the detention hearing, is moderately strong evidence of the guilt of each Defendant. On the one hand, Agent Metcalf's testimony is hearsay; the court has not had the benefit of hearing Agent Augustine or other agents with first-hand knowledge testify. Therefore, it has not heard the details of the testimony, or had the opportunity to ob-

---

1. This sale was never consummated.

serve the witnesses' demeanor while testifying. On the other hand, the Government's presentation does reveal that this is a direct evidence case (as opposed to a circumstantial evidence case) and the quantum of evidence is substantial.

None of the Government's evidence concerning the alleged cocaine transaction was specifically controverted by evidence from the Defendants.

Evidence concerning the "history and characteristics" of each Defendant was presented through written reports prepared by the Pretrial Services Division of the United States Probation Office, and also through two witnesses called by Defendant Young, Mrs. Lola Young and his step-son, Mr. Martin Stein. This evidence reveals that Mr. Fowler and Mr. Young are both persons who have resided in their respective communities, Atlanta and Miami, for many years. Both have stable family lives, are well educated and enjoy good employment. Mr. Fowler owns and operates an accounting business. Mr. Young is a real estate salesman. Both maintain a good standard of living. Neither has a prior criminal conviction.

Defendant Covey has lived since 1985 in Miami, Florida, where he has basically been unemployed and has received treatment for alcohol addiction. Mr. Covey has a prior felony conviction for distribution of quaaludes and a prior conviction for a gun offense for which he received a one-year sentence.

All three Defendants have significant health or medical problems. Mr. Young underwent coronary by-pass surgery in February of 1986 and requires on-going medical treatment. Mr. Fowler suffers from phlebitis and other ailments and has an ileostomy. Mr. Covey as stated is addicted to alcohol.

The court now turns to evaluation of the evidence under the guidelines set by the Bail Reform Act, more specifically, 18 U.S.C. §§ 3142(f) and (g), as interpreted in *Hurtado*. First, the court notes that since this case involves a large amount of cocaine, it falls precisely into a category of offense as to which Congress has expressed special concern for the safety of the community: a serious narcotics case. Secondly, the weight of the evidence presently before the court is decidedly in the Government's favor.

As to two of the Defendants, evidence has been presented that aside from the evidence of drug dealings previously described, they have stable personal lives, and they are in a middle to upper middle class socioeconomic status.

All of the Defendants argue that a person who is under indictment is not likely to commit further criminal acts prior to trial, because it would be so clearly imprudent for him to do so. The court rejects this argument, as it flies in the face of the presumption established by the § 3142(e). This is dispositive as to the Government's motion to detain Defendant Covey, because none of the particulars of his background as made known at the hearing weigh against the presumption. He has a prior drug conviction, and is implicated in a continuing course of criminal conduct involving cocaine distribution.

With respect to Defendant Fowler, the evidence indicating that he has been engaged in a continuing course of cocaine dealing, plus the strength of the Government's case and the nature of the case clearly are sufficient to fulfill the Government's burden of persuading the court that he is a danger to the community notwithstanding his other personal background.

The Government's motion as to Defendant Young presents a closer case. The evidence shown at the hearing regarding Defendant Young's involvement in this matter is just as strong as its evidence against the other Defendants. Further, that evidence suggests that Defendant Young did not play a minor role in the cocaine transaction. On the other hand, he does not have any criminal record and the Government has presented no evidence of any other criminal conduct on his part. Further, as noted his personal history and characteristics suggest stability.

In the court's opinion, the criteria enumerated in § 3142(g)(3) pertaining to personal history and characteristics for the most part[2] are more relevant to consideration of risk of flight than they are to the issue whether the individual is a danger to the community. Therefore, it does not give Defendant Young's evidence as to his history and personal characteristics as much weight as it does the evidence of his alleged past conduct in determining whether he should be detained pending trial. Giving full weight to Congress' determination that a person charged with a serious narcotics offense, where the Government has a strong case, is a danger to the community, the court finds that the Government has carried its burden.

For the foregoing reasons, the court has GRANTED the Government's motion.

Leonard W. Langer, Thompson McNaboe & Ashley, Portland, Me., for petitioner.

Nathan Greenberg, James S. Horton, Boston, Mass., for claimant.

---

**2.** The court agrees with Defendant Young that character, past conduct and criminal history are directly relevant to the issue of danger to the community.